UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

L. CI,

                    Plaintiff,

        v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES *et al.*,

                    Defendants.

**MEMORANDUM & ORDER**
24-CV-1316 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff L. Ci[1] commenced this lawsuit because he filed for asylum nearly five years ago

but has not received a decision.  *See* ECF No. 12 (Amended Complaint ("AC")).  Plaintiff

alleges that Defendants have unreasonably delayed adjudication of his application for asylum

and requests that this Court order Defendants to promptly adjudicate it pursuant to 28 U.S.C.

§ 1361 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).  Defendants move

pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss the complaint in its entirety.  ECF No. 15

(Motion to Dismiss).  For the reasons set forth below, the Court GRANTS Defendants' motion.

## PROCEDURAL BACKGROUND

Plaintiff is a native and citizen of the People's Republic of China.  AC ¶ 29.[2]  Plaintiff

came to the United States on September 1, 2019, and has remained in the country ever since.  *Id.*

---

[1]     Plaintiff indicates that he is proceeding under this pseudonym.  *See* AC ¶ 1 n.1.  The
attachments to the AC are similarly redacted.  That is improper without the Court's leave.  *See
Does 1 - 10 v. Suffolk Cnty.*, No. 21-1658, 2022 WL 2678876, at *1 (2d Cir. July 12, 2022)
(finding that plaintiffs "failed to comply with Federal Rule of Civil Procedure 10(a) by
proceeding anonymously without first seeking leave from the district court").  Nevertheless, in
light of this Order denying relief, the issue is now moot, so the Court orders no further action.

[2]     The Court is "required to treat [Plaintiff's] factual allegations as true, drawing all
reasonable inferences in favor of Plaintiff[ ] to the extent that the inferences are plausibly
supported by allegations of fact."  *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133

¶ 57.  Plaintiff filed a Form I-589 application for asylum with the New York Office of the United States Citizenship and Immigration Services ("USCIS") on July 14, 2020.  *Id.* ¶¶ 31, 59.  Plaintiff's asylum application is pending.  *Id.* ¶ 60.  Plaintiff filed this lawsuit on February 22, 2024.  ECF No. 1 (Complaint).  Defendants filed a pre-motion letter indicating their intent to move to dismiss on July 9, 2024.  ECF No. 9.  On July 26, 2024, Plaintiff requested leave to amend his complaint, which the Court granted on July 28, 2024.  ECF No. 11; July 28, 2024, Text Order.  Plaintiff filed his AC on August 12, 2024.  ECF No. 12.  On September 11, 2024, Defendants filed their motion to dismiss for lack of jurisdiction and for failure to state a claim.  ECF No. 14 (Motion); ECF No. 15 (Memorandum).  Plaintiff filed his opposition, with no request for leave to further amend, on October 11, 2024, and Defendants filed their reply on October 24, 2024.  ECF Nos. 18, 19.

## STATUTORY BACKGROUND

Non-citizens physically present in the United States may apply for asylum under the Immigration and Nationality Act ("INA").  8 U.S.C. § 1158(a)(1).  To qualify, applicants must show past persecution, or a well-founded fear of future persecution based on a protected ground.  *Id.* §§ 1101(a)(42)(A), 1158(b)(1)(B)(i).  A grant of asylum confers:  lawful status; eligibility for permanent residency and citizenship; derivative benefits for immediate family; work authorization; and limited travel rights.  *Id.* §§ 1158(b)(3)(A), 1158(c)(1)(A)–(C), 1159(b).  USCIS's Asylum Division adjudicates such claims.  8 C.F.R. § 208.2(a).  Statutory procedures provide for an initial interview within 45 days and a decision within 180 days, absent exceptional

---

(2d Cir. 2021).  The Court therefore "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts."  *Id.*

circumstances.  8 U.S.C. § 1158(d)(5)(A)(ii)–(iii).  However, the statute expressly precludes

enforceable rights based on those timelines.  *Id.* § 1158(d)(7).

USCIS uses a "last-in, first-out" ("LIFO") system that prioritizes recently filed asylum

applications over older ones.  USCIS, *Affirmative Asylum Interview Scheduling*,

https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-

scheduling (last visited June 6, 2025).[3]  The LIFO policy aims to "deter individuals from using

the asylum backlog solely to obtain employment authorization by filing frivolous, fraudulent, or

otherwise non-meritorious asylum applications."  *Id.*  Applicants may apply for work

authorization 150 days after filing; approval must occur within 30 days.  8 C.F.R. § 208.7(a)(1).

While an application is pending, the permit may be renewed in two-year increments.  *Id.*

§ 208.7(b).  Applicants may request expedited review for reasons such as financial hardship or

emergencies, but such decisions are committed to agency discretion and not subject to judicial

review.  USCIS, *How to Make an Expedite Request*, https://www.uscis.gov/forms/filing-

guidance/expedite-requests (last visited June 6, 2024); *Ruan v. Wolf*, No. 19-cv-4063, 2020 WL

639127, at *2 (E.D.N.Y. Feb. 11, 2020).

## **LEGAL STANDARDS**

### *A.  Rule 12(b)(1)*

When a party moves to dismiss under Rule 12(b)(1) as well as on other grounds, courts

"consider the Rule 12(b)(1) challenge first" because if a court finds that it lacks subject matter

---

[3]    On a motion to dismiss, "[d]istrict [c]ourts may take judicial notice of facts not subject to reasonable dispute when they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Kravitz v. Tavlarios*, No. 20-cv-2579, 2021 WL 5365582, at *3 (2d Cir. Nov. 18, 2021) (affirming dismissal of complaint and propriety of district court taking judicial notice of certain documents).  The Court's ability to take judicial notice of documents extends to "documents from official government websites."  *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 191 n.4 (2d Cir. 2023).

jurisdiction, then the Defendants' other "defenses and objections become moot and do not need to be determined." *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019).[4] "A district court properly dismisses an action under [Rule 12(b)(1)] for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms. S.à.r.l.*, 790 F.3d 411, 416–17 (2d Cir. 2015). "A plaintiff asserting subject matter jurisdiction must prove by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In considering a motion to dismiss for lack of subject matter jurisdiction, a "district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). Furthermore, the Court must assume that Plaintiff's legal claims "would be successful on the merits." *See Clementine Co., LLC v. Adams*, 74 F.4th 77, 83 (2d Cir. 2023).

   B.  *Rule 12(b)(6)*

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson v. Mount Sinai Hosp. Grp.*, No. 23-466, 2024 WL 3289475, at *1 (2d Cir. July 3, 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556

---

[4]     Unless otherwise indicated, when quoting cases and the parties' papers, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be

true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I.    The Court has Subject Matter Jurisdiction to Decide Plaintiff's Claims

As a threshold issue, the Court determines that it has subject matter jurisdiction to

address both Plaintiff's mandamus claim and his claim for undue delay pursuant to the APA.

The asylum process is governed in part by 8 U.S.C. § 1158, which says that "in the absence of

exceptional circumstances, the initial interview or hearing on the asylum application shall

commence not later than 45 days after the date an application is filed."  8 U.S.C.

§ 1158(d)(5)(A)(ii).  Once that interview has taken place, the statute provides that "final

administrative adjudication of the asylum application, not including administrative appeal, shall

be completed within 180 days after the date an application is filed."  8 U.S.C.

§ 1158(d)(5)(A)(iii).  However, that same subsection of the statute contains a provision entitled

"[n]o private right of action," which says that "[n]othing in this subsection shall be construed to

create any substantive or procedural right or benefit that is legally enforceable by any party

against the United States or its agencies or officers or any other person."  8 U.S.C. § 1158(d)(7).

Although the statute's "[n]o private right of action" clause may appear at first glance to

be a jurisdiction-stripping provision, its language is not as strong as another provision of the

same statute, which clearly does strip a federal court's jurisdiction to address other issues.  That

separate provision expressly says that "[n]o court shall have jurisdiction to review" various

asylum-related decisions by the Attorney General, such as decisions to remove an asylum

applicant to another country to apply for asylum there, to excuse an asylum applicant from the

one-year deadline that applies to submitting an asylum application, and to excuse an asylum

applicant from the typical prohibition against submitting a second asylum application. 8 U.S.C.

§ 1158(a)(3). This jurisdiction-stripping provision refers only to these determinations made by

the Attorney General under subsection (a) of the asylum statute and not to the target deadlines by

which Defendants adjudicate asylum applications under subsection (d). *See id.*

When reading the "[n]o private right of action" provision in 8 U.S.C. § 1158(d)(7) in

contrast with the express jurisdiction-stripping provision in 8 U.S.C. § 1158(a)(3), it becomes

clear that Congress knew how to write an unambiguous jurisdiction-stripping provision. By

contrast, the former provision appears to have been designed only to preclude asylum applicants

from bringing lawsuits to enforce the specific 45-day deadline for receiving an interview and the

180-day deadline for receiving a decision. The Court joins the myriad courts in the Second

Circuit that have reached this interpretation and, therefore, held that 8 U.S.C. § 1158(d)(7) does

not strip the federal courts' jurisdiction to decide mandamus or APA claims based on assertions

that asylum applications have remained pending long after those statutory deadlines. *See e.g.*,

*Hu v. Sessions*, No. 18-cv-2248, 2020 WL 7486681, at *2 (E.D.N.Y. Dec. 17, 2020); *Liu v. Wolf*,

No. 19-cv-410, 2020 WL 2836426, at *6–7 (S.D.N.Y. May 30, 2020); *De Oliveira v. Barr*,

No. 19-cv-1508, 2020 WL 1941231, at *2–3 (E.D.N.Y. Apr. 22, 2020); *Ruan*, 2020 WL 639127,

at *4–5; *Xu v. Cissna*, 434 F. Supp. 3d 43, 52 (S.D.N.Y. 2020). In other words, asylum

applicants may not compel compliance with these statutory deadlines, but they may still file

lawsuits in federal court asserting that prolonged delays in their asylum applications have

become unreasonable.

## II.    Plaintiff's Mandamus Claim Fails

Although the Court has subject matter jurisdiction to consider Plaintiff's mandamus

claim, his mandamus claim fails on the merits. "Mandamus may be awarded only if the plaintiff

proves that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 132–33 (2d Cir. 2008) (affirming dismissal of plaintiffs' mandamus claim because it "duplicate[d] the APA count" in plaintiffs' complaint); *see also De Oliveira*, 2020 WL 1941231, at *4 (applying same three-part mandamus test articulated in *Benzman* to plaintiffs' allegations that decisions on asylum applications were unduly delayed); *Liu*, 2020 WL 2836426, at *10 (same). "Failure to establish any one of these necessary elements mandates dismissal of the plaintiff's complaint." *Fahrenkrug v. Verizon Servs. Corp.*, 652 F. App'x 54, 56 (2d Cir. 2016). Here, Defendants argue that Plaintiff cannot satisfy the first and third prongs. ECF No. 15 at 22. The Court agrees.

First, Plaintiff has no "clear right" to relief. The INA provides no "substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). As such, "[a] legion of courts has held that § 1158(d)(7) unequivocally denies asylum applicants a private right of action to enforce the procedural requirements found in that statute." *Siu Ching Ngai v. Mayorkas*, No. 22-cv-5358, 2024 WL 1346530, at *2 (E.D.N.Y. Mar. 29, 2024). "Therefore, because Section 1158(d) does not create a legally enforceable right or benefit, mandamus relief is unavailable." *Weihua Zheng v. Garland*, No. 22-cv-6039, 2024 WL 333090, at *4 (E.D.N.Y. Jan. 29, 2024).

Second, the availability of a cause of action under the APA, authorizing a court to "compel agency action unlawfully withheld or unreasonably delayed," means that Plaintiff has an adequate alternative remedy under the APA. *Liu*, 2020 WL 2836426, at *10 (holding that "mandamus relief [wa]s not available" because "an alternative adequate remedy [was] possible

7

under the APA").  This remains true even though, as discussed below, Plaintiff's APA claim also

fails on the merits.  *See id.* (dismissing both APA and mandamus claims).

### III.    Plaintiff's APA Claim Fails

To assess whether Plaintiff has a claim under the APA, the Court will consider the factors

described in *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984), which

the Second Circuit has said sets forth a test for determining if agency action is unreasonably

delayed.  *See Nat. Res. Def. Council, Inc. v. FDA*, 710 F.3d 71, 84 (2d Cir. 2013).  Courts within

the Second Circuit, referring to these as the "TRAC factors," have used them in the specific

context of assessing whether Defendants have delayed too long in deciding an asylum

application.  *See, e.g.*, *De Oliveira*, 2020 WL 1941231, at *4; *Xu*, 434 F. Supp. 3d at 51.  The

applicable factors are:

> (i) the time agencies take to make decisions must be governed by a rule of reason;
> (ii) where Congress has provided a timetable, it may supply content for this rule
> of reason; (iii) delays that might be reasonable in the sphere of economic
> regulation are less tolerable when human health and welfare are at stake; (iv) the
> effect of expediting delayed action on agency activities of a higher or competing
> priority; (v) the nature and extent of the interests prejudiced by delay; and (vi) the
> court need not find any impropriety lurking behind agency lassitude in order to
> hold that agency action is unreasonably delayed.

*Xu*, 434 F. Supp. 3d at 51.  A party may prevail without demonstrating that all of these

factors weigh in that party's favor.  For example, several courts have "refuse[d] to grant

relief," when the fourth TRAC factor weighs against it, "even though all the other factors

considered in TRAC favor it."  *Zhang v. Wolf*, No. 19-cv-5370, 2020 WL 5878255, at *6

(E.D.N.Y. Sept. 30, 2020).  This is especially true in asylum application cases "where a

judicial order putting the [plaintiff] at the head of the queue would simply move all others

back one space and produce no net gain."  *Id.* (declining to compel a decision on an

asylum application); *Cohen v. Jaddou*, No. 21-cv-5025, 2023 WL 2526105, at *6

(S.D.N.Y. Mar. 15, 2023) (same).

Ordering Defendants to adjudicate Plaintiff's application would result in

Defendants simply prioritizing Plaintiff's application over other applicants, who may

have been waiting even longer for a decision and are at least "equally deserving of

prompt adjudication," thereby producing "no net gain" for the asylum system overall.

*Xu*, 434 F. Supp. 3d at 54–55. [5]   Multiple courts have held that granting relief is improper

under such circumstances. *Id.*; *Yang v. Houghton*, No. 21-cv-5485, 2021 WL 5879033, at

*1 (E.D.N.Y. Dec. 13, 2021) (declining to compel adjudication of asylum application

because "it just wouldn't be fair to applicants who have been waiting longer than a

plaintiff just because the plaintiff has chosen to sue"); *Gong v. Duke*, 282 F. Supp. 3d

566, 569 (E.D.N.Y. 2017) (declining to compel adjudication of asylum application

because "the only difference between" plaintiff and other applicants was "that plaintiff

has brought a federal lawsuit").  Because Plaintiff does not plausibly allege that the

---

[5]         Plaintiff only addresses the third and fifth TRAC factors.  Specifically,
Plaintiff argues that the third TRAC factor weighs in his favor because his "health and
welfare" are "jeopardized as a result of the delay in the scheduling of [Plaintiff]'s asylum
interview" due to "the prolonged separation of [Plaintiff] from his . . . wife and son."
ECF No. 18 at 8.  Furthermore, Plaintiff argues that the fifth TRAC factor "is also
satisfied due to the residual impairment of [Plaintiff]'s mental health and continued
molestation of his spouse in China. *Id.* at 8–9.  However, "[t]here is nothing exceptional
in having a lengthy family separation in a case where [a plaintiff] seek[s] asylee status.
The mere passage of time and the attendant psychological stress on the family are not
sufficiently differentiating grounds for federal courts to intervene and pick preferred
applicants." *Yang*, 2021 WL 5879033, at *2.  The Court need not address the other
TRAC factors as the fourth factor is dispositive here. *See Almakalani v. McAleenan*, 527
F. Supp. 3d 205, 224–25 (E.D.N.Y. 2021) (dismissing an APA undue-delay claim
because the fourth *TRAC* factor weighed in the Government's favor—without applying
any of the other factors).

Defendants' delay in adjudicating his asylum application is unreasonable under the APA,

his claim is dismissed under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendants' motion to

dismiss and dismisses Plaintiff's complaint in full.  *See* ECF No. 14.  Although the dismissal is

with prejudice—meaning the Court will not permit Plaintiff to amend his complaint to make

another attempt to assert his claims, this decision does not preclude Plaintiff from bringing a new

lawsuit in the future pursuant to the APA, should Defendants continue to delay in adjudicating

his application to a point at which the delay becomes unreasonable.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated:  Brooklyn, New York
        June 6, 2025